[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10688

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 9:07-cv-81038-DTKH
2:07-cv-1438-DTKH

SHEET METAL WORKERS LOCAL 28 PENSION
FUND, Individually and on behalf of all others
similarly situated,

                                                      Plaintiff,

NEW MEXICO EDUCATIONAL RETIREMENT BOARD

                                                      Plaintiff-Appellant,

                              versus

OFFICE DEPOT, INC.,
STEVE ODLAND, PATRICIA MCKAY,

                                                      Defendants-Appellees.
--------------------------------------------------------------------------------------------------------
BOND NICHOLS,
individually and on behalf of all others similarly situated,

                                                      Plaintiff,

                              versus

OFFICE DEPOT, INC.,
STEVE ODLAND,
PATRICIA MCKAY,

                                                      Defendants.

Appeal from the United States District Court
for the Southern District of Florida

(December 13, 2010)

Before DUBINA, Chief Judge, BLACK and FAY, Circuit Judges.

PER CURIAM:

The New Mexico Educational Retirement Board (ERB) appeals the

dismissal of the Second Consolidated Amended Complaint (the SCAC) against

Office Depot, Inc. (Office Depot), Office Depot's former CEO and Chairman

Steve Odland (Odland), and Office Depot's former CFO Patricia McKay (McKay)

(collectively, Defendants).  The ERB represents former Office Depot shareholders

(Plaintiffs) who purchased common stock of Office Depot between October 17,

2006, and February 25, 2008.  The SCAC alleges Defendants made materially

false representations concerning Office Depot's financial condition in violation of

Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule

10b-5, 17 C.F.R. § 240.10b-5.[1]  The district court dismissed the SCAC after

[1]The district court also dismissed Plaintiffs' claim that Odland and McKay violated Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t.  Plaintiffs did not appeal the dismissal of this claim, and therefore any claim they had is waived. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

2

Defendants filed a Federal Rule of Civil Procedure 12(b)(6) motion, concluding Plaintiffs failed to allege a strong inference of scienter as required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the PSLRA).

This court reviews the grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) *de novo*. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we conclude the district court correctly analyzed Plaintiffs' SCAC and properly found that scienter was not pled sufficiently to meet the PSLRA. *See generally Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230 (11th Cir. 2008). As in *Mizzaro*, Plaintiffs failed to allege facts giving rise to a strong inference of scienter. First, the SCAC does not contain any factual allegations directly linking Odland or McKay to the alleged fraud. Second, the SCAC fails to establish that because of "glaring accounting irregularities or other 'red flags,'" Odland or McKay must have known of the fraud. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1266 (11th Cir. 2006). Finally, the SCAC does not raise a strong inference of corporate scienter because it fails to allege facts showing that "*somebody* responsible for the allegedly misleading statements must have known about the fraud." *Mizzaro*, 544 F.3d at 1254. Plaintiffs' claims are based entirely

on speculation and allegations from unnamed witnesses.  Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**